UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MINERGY NEENAH, LLC,

        Plaintiff,

v.                                                        Case No. 05-C-1181

ROTARY DRYER PARTS, INC.
formerly known as Charles Brown Company,
BURLINGTON INSURANCE COMPANY,
QUALITY MECHANICAL, INC., and
CINCINNATI INSURANCE COMPANY

        Defendant.

**ORDER TO SHOW CAUSE**

Upon review of the above matter, it appears there is reason to question whether subject matter jurisdiction exists in the above matter. Jurisdiction is asserted under 28 U.S.C. § 1332(a) based upon diversity of citizenship. The complaint alleges that Plaintiff Minergy Neenah, LLC ("Minergy"), is a Wisconsin limited liability company with its place of business located in Neenah, Wisconsin. However, Seventh Circuit law is clear that a limited liability company derives its citizenship from the citizenship of its members. *See Belleville Catering Co. v. Champaign Market Place*, LLC, 350 F.3d 691, 692 (7th Cir. 2003). To determine the citizenship of a limited liability company, "[a] federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Absent such information, it is impossible to determine whether complete diversity of citizenship exists. To proceed without such knowledge can result in a waste of time and resources

for both the court and the parties, since subject matter jurisdiction cannot be waived and can be raised *sua sponte* even on appeal. *See Belleville Catering*, 350 F.3d at 693-94. In fact, "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Indiana State Bd. of Tax Com. Rs.*, 312 F.3d 876, 879 (7th Cir. 2002.)

Based upon the foregoing, **IT IS HEREBY ORDERED** that within the next twenty days plaintiff shall file a jurisdictional statement with the court setting forth the name and state(s) of citizenship of its members/owners. Failure to do so will result in a dismissal of this action for lack of subject matter jurisdiction.

Dated this   29th   day of March, 2006.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge