UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MINERGY NEENAH, LLC,

        Plaintiff,

    v.                                          Case No. 05-C-1181

ROTARY DRYER PARTS, INC.
formerly known as Charles Brown Company,
BURLINGTON INSURANCE COMPANY,
QUALITY MECHANICAL, INC., and
CINCINNATI INSURANCE COMPANY

        Defendant.

**ORDER**

Defendant Burlington Insurance Company has filed a motion seeking to bifurcate the insurance coverage issue from the liability portions of the above matter and to stay underlying liability proceedings pending a decision on whether Burlington has a duty to defend its insured, Rotary Dryer Parts, Inc. (f/k/a Charles Brown Company) (Rotary) under the terms of its polity. Burlington notes that the bifurcation and stay procedure it requests is a favored procedure under Wisconsin law for protecting insurance companies from unnecessarily paying attorneys' fees to defend a party where there is no coverage under the relevant policy. *See Fire Ins. Exchange v. Basten*, 549 N.W. 2d 690 (Wis. 1996). The procedure has also received the sanction of the Seventh Circuit. *See Carney v. Village of Darien*, 60 F.3d 1273, 1277 (7th Cir. 1995).

Burlington filed its motion under Local Rule 7.4. *See* L.R. Civil 7.4. The plaintiff has advised the court that it does not object to Burlington's motion, but requests that the court establish

a briefing schedule on the coverage issue so that the liability component of the case is not unduly delayed. No other party has responded, and the time to do so has now elapsed.

Based upon the foregoing, Burlington's motion will be granted. The issue of insurance coverage under Burlington's policy is hereby bifurcated from the liability proceeding, which is hereby stayed. In light of the Order to Show Cause previously issued by the court, Burlington shall have thirty days after Minergy's response to file its motion seeking a coverage determination. The briefing schedule shall be as provided in the Local Rules. *See* L.R. Civil 7.1. The scheduling order previously entered in this matter is hereby vacated and the dates set forth therein shall be extended upon determination of the question of insurance coverage.

**SO ORDERED** this   29th   day of March, 2006.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge

2

Case 2:05-cv-01181-WCG   Filed 03/29/06   Page 2 of 2   Document 71