# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MINERGY NEENAH, LLC,

     Plaintiff,

   v.           Case No. 05-C-1181

ROTARY DRYER PARTS, INC., et al.,

     Defendants.

## DECISION AND ORDER

Defendant Rotary Dryer Parts has filed an expedited motion requesting that I stay consideration of the summary judgment motion filed by its insurer, Burlington Insurance.  Last month, the plaintiff filed a similar motion requesting summary dismissal of Burlington's motion; that request was denied because I found that the issues raised in Burlington's motion were appropriate to consider before proceeding further with the case.  The same holds true now.

Generally, once the duty to defend is found (as here), an insurer covers the defense until liability is determined at trial.  But what happens if, during discovery, the insurer learns additional facts that would suggest – in contrast to the allegations of the complaint – that coverage was actually lacking?  That is what Burlington suggests has happened here.  Regardless of whether its insured is found liable, it wants a finding of no duty to indemnify in light of the evidence it obtained during discovery.  Rotary Dryer protests that a determination of indemnification would be premature at this stage because such a determination could touch on matters of liability, and under Illinois law a court should not make a coverage decision that steps on the toes of that ultimate question.  *Bituminous*

*Cas. Corp. v. Fulkerson,* 571 N.E.2d 256, 260 (Ill. App. Ct. 1991). But here the insurer asserts that it is raising a narrow issue related to the scope of work, the outcome of which would affect only *coverage* rather than the insured's liability, and as to which there is no dispute of material fact. There is (at least according to the insurer) no overlap, which could mean that the indemnification question is not premature at all. *Murphy v. Urso,* 430 N.E.2d 1079, 1084-85 (Ill. Sup. Ct. 1981).

These arguments jump the gun, however. Rotary Dryer is seeking a stay, which would preclude the court from even *considering* the matters raised by Burlington. Rather than taking that precipitous approach, I conclude that both sides' positions on the question are better addressed on the motion for summary judgment itself. (I note that Plaintiff Minergy has briefed the issue in its opposition to the motion.) That is, if Rotary Dryer is correct that Burlington's motion is premature, that would be grounds for denial of Burlington's motion rather than justification for a *stay* of the motion in the first place. Accordingly, the motion to stay will be denied. If defendant Rotary Dryer desires to file a brief in opposition to Burlington's motion (its motion to stay was apparently filed in lieu of a response brief) it may do so by January 31. Any reply brief filed by Burlington will be due February 21.

The motion to stay [Dkt. # 211] is **DENIED**; the motion for an extension of time [Dkt. # 213] is **GRANTED**.

**SO ORDERED** this   23rd   day of January, 2008.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

2